UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-61375-CIV-CANNON/Hunt

**MARINE DIESEL REPAIRS, LLC**,

 Plaintiff,
v.

**M/Y DREAM ON**, in rem,
and **ALLURE II**, **LLC**, in personam,

 Defendants,
_____/

**ALLURE II**, **LLC**,
a Florida limited liability company,

 Counter-Plaintiff/Third-Party Plaintiff,

v.

**MARINE DIESEL REPAIRS**, **LLC**,
a Florida limited liability company,

 Counter-Defendant,
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Partial Summary Judgment (the "Motion") [ECF No. 58] filed on November 8, 2021. The Court has reviewed Plaintiff's Response in Opposition [ECF No. 64]; Defendant's Reply [ECF No. 68]; and Plaintiff's Surreply [ECF No. 72], which the Court ordered Plaintiff to file on March 2, 2022 [ECF No. 71]. The Court has reviewed the record and is otherwise fully advised in the premises. Following review, Defendant's Motion for Partial Summary Judgment [ECF No. 58] is **DENIED**, and Defendant's Motion for a Hearing on Partial Summary Judgment [ECF No. 73] is **DENIED**.

CASE NO. 20-61375-CIV-CANNON/Hunt

## BACKGROUND

This is an action to foreclose on an alleged maritime lien for the labor, materials and other "necessaries" that were furnished by Plaintiff Marine Diesel Repairs, LLC ("Plaintiff") to M/Y Dream One (the "Vessel"), a 2007 105-foot Leopard motor yacht owned by Defendant, Allure II, LLC ("Defendant"). The material facts viewed in the light most favorable to Plaintiff as the non-moving party are as follows.[1]

Plaintiff alleges that, in August 2019, Defendant contacted Plaintiff to perform an inspection of the Vessel and to make repairs to the engines, which were showing multiple leaks [ECF No. 1 ¶¶ 10, 13; ECF No. 63 ¶ 6]. After performing an inspection and making repairs, Plaintiff provided Defendant with two invoices for its services, totaling $219,989.24 for labor and materials [ECF No. 63 ¶ 8; ECF No. 64-3; ECF No. 64-4].

It is undisputed that Defendant paid Plaintiff only $152,235.29 on these claimed invoices [ECF No. 63 ¶ 9]. According to Plaintiff, Defendant still owes $67,753.95 for repairs to the Vessel [ECF No. 64 ¶ 17; ECF No. 64-7(showing receipts paid by Defendant to Plaintiff)].

On July 8, 2020, Plaintiff filed the instant action [ECF No. 1]. In its Complaint, Plaintiff asserts one claim arising under federal law and two claims arising under Florida common law:

- Count I: foreclosure of maritime necessaries lien pursuant to the Federal Maritime Liens Act, 46 U.S.C. § 31342 *et seq.*;

---

[1] These facts are drawn from Defendant's Statement of Material Facts [ECF No. 59] and the parties' Joint Statement of Undisputed Facts [ECF No. 63]. Plaintiff did not file a response to Defendant's Statement of Undisputed Material Facts [ECF No. 59]. Plaintiff did file its own Statement of Material Facts included within its Response brief [ECF No. 64]. But Plaintiff did not indicate in its Statement which facts were disputed or undisputed in reference to Defendant's Statement of Material Facts [ECF No. 59]. In any event, the Court has considered the entire factual record pertinent to summary judgment, relying on Defendant's Statement to the extent Plaintiff fails to dispute it with record evidence or to offer contrary evidence.

- Count II - breach of contract; and

- Count III - unjust enrichment (Count 3)

[ECF No. 1 ¶¶ 28–39].

On August 28, 2020, Defendant filed a Counterclaim against Plaintiff [ECF No. 11], which it later amended on August 2, 2021 [ECF No. 51]. Defendant's operative Amended Counterclaim asserts four claims, all arising under Florida law:

- Count I – fraud in the inducement;

- Count II – deceptive and unfair trade practices pursuant to the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201, *et seq.*;

- Count III – breach of contract; and

- Count IV – breach of express warranty.

[ECF No. 51 ¶¶ 37–65].

On November 18, 2021, Defendant filed the instant motion for partial summary judgment as to only Count I of Plaintiff's Complaint, the claim for foreclosure of the alleged maritime necessaries lien [ECF No. 58].

Defendant's Motion is ripe for adjudication.

## LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed R. Civ. P. 56(a). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving

party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The Court, in ruling on a motion for summary judgment, "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252.

"For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (internal quotation marks omitted). Speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e).

## DISCUSSION

Defendant moves for partial summary judgment as to Count I of Plaintiff's Complaint, the claim for the alleged maritime lien [ECF No. 58]. Defendant contends that Plaintiff "has not

offered any evidence that the repairs made on the Vessel were reasonable, competitive, or consistent with the prices charged by other firms in the marine industry" [ECF No. 58 p. 5]. Defendant further notes that, although it disputes whether Plaintiff has established all of the required elements for its maritime lien claim, for purposes of the Motion, "Defendant will forgo argument on all elements other than the reasonableness element" [ECF No. 58 p. 2 n.1]. The Court therefore confines its analysis to the narrow issue regarding the reasonableness of Plaintiff's charges for services rendered to the Vessel. Upon review, construing the facts in a light most favorable to Plaintiff as the nonmoving party, the Court determines that Plaintiff has identified a genuine issue of material fact as to whether Plaintiff's charges for necessaries were reasonable. Summary judgment on Count I is therefore not warranted.

The Federal Maritime Liens Act ("FMLA") grants a maritime lien to a party that provides "necessaries" to a vessel. *See* 46 U.S.C. § 31342. "Necessaries" includes "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301. "A maritime lien is a 'special property right in a ship given to a creditor by law as security for a debt or claim subsisting from the moment the debt arises.'" *Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267 (11th Cir. 2006) (quoting *Galehead, Inc. V. M/V Anglia*, 183 F.3d 1242, 1247 (11th Cir. 1999)). "Maritime liens differ from other common law liens in that a maritime lien is 'not simply a security device to be foreclosed if the owner defaults;' rather, a maritime lien converts the vessel itself into the obligor and allows injured parties to proceed against it directly." *Crimson Yachts v. Betty Lyn II Motor Yacht*, 603 F.3d 864, 868 (11th Cir. 2010) (quoting *Amstar Corp. v. S/S ALEXANDROS T.*, 664 F.2d 904, 908–09 (4th Cir. 1981).

For a party to establish a claim for a maritime lien in a vessel: (1) the good or service must qualify as a "necessary"; (2) the good or service must have been provided to the vessel; (3) on the

order of the owner or agent; and (4) the necessaries must be supplied at a reasonable price. *See Barcliff, LLC v. M/V Deep Blue, IMO No. 9215359*, 876 F.3d 1063, 1068 & n.5 (11th Cir. 2017). The Eleventh Circuit has explained that the "reasonableness" of charges, in the maritime context, is measured by whether they are "customary" and "in accord with prevailing charges for the work done and the materials furnished." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005) (internal citations omitted). "Accordingly, to satisfy the evidentiary burden on this element, a plaintiff must present some modicum of evidence which compares the charges claimed with what other competitors would have charged for similar work or materials." *Id.* "This burden may be satisfied by witness testimony that the charges were reasonably in accord with industry standards." *Id.* "The failure to present such evidence, however, dictates that a plaintiff cannot prevail on its maritime claims." *Id.*

Defendant argues that Plaintiff has not produced any admissible evidence that it charged a customary rate for the repairs to the vessel [ECF No. 58 p. 5]. As Defendant observes, Plaintiff's expert witness, Toby Phillips, retained to testify about Plaintiff's repairs to the Vessel, admitted during deposition that (1) the scope of his expert report was not focused on the reasonableness of the charges but rather the damage that was caused to the Vessel, and (2) he did not review any charges for the repairs to the Vessel or any aspect regarding cost [ECF No. 58-2 p. 15:12–16 ("Q. In other words, that's outside of the scope of what you've been asked to do, at least to this point; is that correct? A: That's correct.")].

Plaintiff disputes Defendant's position, arguing that a genuine issue of material fact exists as to whether the rates that Plaintiff charged Defendant for repairs to the vessel are reasonable and customary [ECF No. 64 pp. 7–15]. As support, Plaintiff attaches to its Response several invoices and estimates showing the hourly rates charged by Plaintiff's competitors—Florida Detroit Diesel

6

Allison, RPM Diesel Engine Company, and Scarano Marine—for similar types of boat repairs, which Plaintiff argues shows that its own rates are "either at the same price, or substantially cheaper" than the rates charged by its competitors for similar work or materials [ECF No. 64 p. 15; *see* Competitor Invoices, ECF Nos. 64-10, 64-11, and 64-12]. Plaintiff contends that "the Court must hold that a genuine dispute of fact exists for trial based on the comparison of the competitors' invoices as to whether MDR's prices are reasonable and thus deny the motion" [ECF No. 64 p. 18].

In Reply, Defendant objects to the admissibility of these invoices/estimates for purposes of summary judgment, arguing that "Plaintiff offers nothing to show that the documents are presently admissible or could become admissible at trial" [ECF No. 68 p. 3]. Defendant raises a number of evidentiary challenges to the invoices/estimates, including that (1) the documents are hearsay "intended to prove the matters asserted in them" [ECF No. 68 p. 3]; (2) the documents have not been authenticated; (3) "Plaintiff could have deposed the corporate representative for these entities or obtained an affidavit authenticating the documents, but no such direct evidence exists" [ECF No. 68 pp. 3–4]; and (4) "Plaintiff has not even disclosed the entities as having knowledge related to the litigation in its initial disclosures and responses to written discovery" [ECF No. 68 pp. 3–4].

At the summary judgment stage, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *see also Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005) ("On motions for summary judgment, we may consider only that evidence which can be reduced to an admissible form."). When a party objects to the admissibility of evidence, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2) advisory committee's notes to 2010 amendment. The court

then has discretion to determine if the material used to support a fact can be presented in a form that would be admissible at trial. *Jacoby v. Keers*, 779 F. App'x 676, 679 (11th Cir. 2019).

Plaintiff's Surreply [ECF No. 72] directly addresses Defendant's challenges to the admissibility of the competitor invoices. Plaintiff attaches sworn affidavits from the records custodians of the competitor vendors at issue (Adolfo Scarano, Manager for Scarano Marine Services; Thaddeus Chuchla, CFO for RPM Diesel Engine Company; and Oscar Hernandez, Director of Parts for Stewart & Stevenson FDAA LLC), all of whom uniformly attest that the invoices relied on by Plaintiff are authentic copies of business records [ECF Nos. 72-1; 72-2; and 72-3]. These records custodians, Plaintiff represents, would be available to testify at trial to authenticate the invoices based on their personal knowledge regarding price, quantity, and payments made for similar services [ECF No. 72 p. 3]. As to Defendant's hearsay objection, Plaintiff invokes the hearsay exception for business records under Rule 803(5) and (6) of the Federal Rules of Evidence [ECF No. 72 p. 6]. *See* Fed. R. Evid. 803(5)–(6). And Plaintiff notes that Defendant and the competitor vendors will testify at trial regarding the repairs performed to the Vessel, the amounts charged by the vendors, and the nature of the records at issue as made in the regular course of business [ECF No. 72 pp. 6–7].

The Court has examined the parties' dispute on the admissibility of the competitor invoices as relates to Rule 56(c)(2) and concludes that Plaintiff has met the requisite burden to explain the admissible form upon which it anticipates admitting the subject evidence. *See Jacoby*, 779 F. App'x at 679 (affirming district court's decision to consider exhibits at summary judgment stage when the exhibits were anticipated to be admissible at trial as business records).

Satisfied that Plaintiff has shown that the competitor invoices could be presented in an admissible form at trial,[2] the Court concludes that a factual question exists as to whether Plaintiff's rates are reasonable and customary and "in accord with prevailing charges for the work done and the materials furnished." *Sweet Pea* Marine, 411 F.3d at 1249. Plaintiff has introduced evidence that it alleges shows that it charges the same or less than its competitors for similar services—and although Defendant may challenge this evidence at trial, Plaintiff has sufficiently presented "some modicum of evidence which compares the charges claimed with what other competitors would have charged for similar work or materials." *Id.* Given the genuine dispute of material fact as to whether Plaintiff's charges were reasonable and customary for purposes of Plaintiff's maritime lien claim—the only issue that Defendant disputes in its Motion—summary judgment is not appropriate.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Partial Summary Judgment [ECF No. 58] is **DENIED**.
2. Defendant's Motion for Hearing on Partial Summary Judgment [ECF No. 73] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of April 2022.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[2] The Court does not by this Order make a final ruling on admissibility of any potentially disputed evidence sought to be admitted at trial.